UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| YANYUN MO,<br><br>          Petitioner,<br><br>     v.<br><br>CHRISTOPHER CHESTNUT, Warden,<br>California City Correctional<br>Facility, et al.,<br><br>          Respondents. | No. 1:25-cv-01789 WBS CSK<br><br>MEMORANDUM AND ORDER RE:<br>PETITIONER'S MOTION FOR<br>TEMPORARY RESTRAINING ORDER |

----oo0oo----

Before the court is petitioner Yanyun Mo's motion for a temporary restraining order, in which she asks to be released from custody or provided an individualized hearing. (Docket No. 2 at 2.)

It is undisputed that petitioner entered the United States illegally. The record indicates that she entered without inspection on October 15, 2024, was given a credible fear interview, was charged as inadmissible, and placed in removal

1

1  proceedings.  (Docket No. 2-1 at 5.)  She was then detained on
2  October 31, 2025, during an appointment with Immigration Customs
3  and Enforcement.  (Id.)

4     "The standard for a [temporary restraining order] is
5  the same as for a preliminary injunction." Rovio Entm't Ltd. v.
6  Royal Plush Toys, Inc., 907 F. Supp. 2d 1086, 1092 (N.D. Cal.
7  2012) (citing Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,
8  240 F.3d 832, 839 n.7 (9th Cir. 2001)).  "A plaintiff seeking a
9  preliminary injunction must establish that he is likely to
10 succeed on the merits, that he is likely to suffer irreparable
11 harm in the absence of preliminary relief, that the balance of
12 equities tips in his favor, and that an injunction is in the
13 public interest." Winter v. Nat. Res. Def. Council, Inc., 555
14 U.S. 7, 20 (2008).  The last two factors "merge when the
15 Government is the opposing party." Nken v. Holder, 556 U.S. 418,
16 435 (2009).

17    Likelihood of success on the merits is "the most
18 important factor in determining whether a preliminary injunction
19 is warranted." Garcia v. County of Alameda, 150 F. 4th 1224,
20 1230 (9th Cir. 2025) (internal citations and quotation marks
21 omitted).  "[P]laintiffs seeking a preliminary injunction face a
22 difficult task in proving that they are entitled to this
23 extraordinary remedy." Earth Island Inst. v. Carlton, 626 F.3d
24 462, 469 (9th Cir. 2010) (internal quotation omitted).  A mere
25 possibility of success is insufficient to satisfy this factor;
26 instead, a petitioner must demonstrate "a strong likelihood of
27 success on the merits." Save Our Sonoran, Inc. v. Flowers, 408
28 F. 3d 1113, 1120 (9th Cir. 2005).

1                Petitioner argues her detention violates due process
2    because she was not given notice and a pre-detention hearing.
3    (Docket No. 2-1 at 6-7.)  Petitioner makes no claim that she was
4    denied substantive due process; the sole issue is whether
5    petitioner was denied procedural due process.
6                This court has now dealt with several petitions like
7    this one, in which it held that noncitizens present in the United
8    States who were never legally admitted were presumably
9    "applicants for admission" under 8 U.S.C. § 1225(b) and thus
10   subject to mandatory detention.  See, e.g., Alonzo v. Noem, No.
11   1:25-cv-01519 WBS SCR, 2025 WL 3208284, at *4 (E.D. Cal. Nov. 17,
12   2025) ("The suggestion that petitioner may evade the designation
13   of 'applicant for admission' merely because he has already
14   entered the United States elides the fact that he was never
15   lawfully admitted."); Valencia v. Chestnut, No. 1:25-cv-01550 WBS
16   JDP, 2025 WL 3205133, at *3 (E.D. Cal. Nov. 17, 2025) (same);
17   Xavier Oliveria v. Albarran, et al., No. 1:25-cv-01760 WBS AC,
18   2025 WL 3525923 (E.D. Cal. Dec. 9, 2025) (same).
19               Petitioner presents neither facts nor arguments that
20   distinguish her case from these prior decisions.  Accordingly,
21   the court again concludes that "the procedure authorized by
22   Congress" in 8 U.S.C. § 1225(b) constitutes procedural "due
23   process" as far as petitioner is concerned.  Shaughnessy v.
24   United States ex rel. Mezei, 345 U.S. 206, 212 (1953); see also
25   Angov v. Lynch, 788 F.3d 893, 898 (9th Cir. 2015) (for noncitizen
26   who "never technically 'entered' the United States," "procedural
27   due process is simply whatever the procedure authorized by
28   Congress happens to be." (citation modified)); Grigoryan v. Barr,

3

1 | 959 F.3d 1233, 1241 (9th Cir. 2020) (same).  And because 8 U.S.C.
2 | § 1225(b) does not "say[] anything whatsoever about bond
3 | hearings," petitioner is not entitled to one.  Jennings v.
4 | Rodriguez, 583 U.S. 281, 297 (2018).

Petitioner has been afforded the applicable process and has therefore failed to demonstrate a likelihood of success on the merits of her claim that additional process is due.  That being the case, the court "need not consider the other [preliminary injunction] factors."  California v. Azar, 911 F.3d 558, 575 (9th Cir. 2018).[1]

IT IS THEREFORE ORDERED that petitioner's motion for a temporary restraining order (Docket No. 2) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that if petitioner wishes to have a hearing on her motion for preliminary injunction, she shall file all the papers necessary to support that motion no later than December 23, 2025.  The government shall file its opposition no later than December 30, 2025.  The court will then either set the motion down for oral arguments or take the motion under submission.

Dated:  December 10, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] The court also notes that petitioner filed her motion over a month after her detention.  Such a delay in the context of a temporary restraining order request further supports denial, as it suggests a lack of irreparable harm.  See, e.g., Armstrong v. County of Placer, No. 21-cv-00779-KJM-KJN, 2021 WL 2258716, at *4 (E.D. Cal. May 3, 2021) (collecting cases).

4