UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| YANYUN MO, | No. 1:25-cv-01789 WBS CSK |
| Petitioner, | |
| v. | ORDER DENYING PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION |
| CHRISTOPHER CHESTNUT, Warden, California City Correctional Facility, et al., | |
| Respondents. | |

----oo0oo----

Before the court is petitioner Yanyun Mo's motion for preliminary injunction, in which she again asks to be released from custody or provided with an individualized hearing. (Docket No. 10-1 at 2.)[1]

The court summarized petitioner's circumstances in its prior order denying her motion for temporary restraining order. (See Docket No. 5.) Petitioner has not included any new facts

---

[1] The motion is decided on the papers without oral argument pursuant to Local Rule 230(g).

1

1 in the instant motion.  (See Docket No. 10-1 at 2-3.)
2        Nor has petitioner briefed new legal arguments.
3 Indeed, the legal arguments petitioner presents in the instant
4 motion are identical to those she advanced in her motion for
5 temporary restraining order.  (Compare Docket No. 2-1, with
6 Docket No. 10-1.)  Specifically, petitioner argues once more that
7 her detention, which was secured without notice and a pre-
8 detention hearing, violates procedural due process.  (Compare
9 Docket No. 10-1 at 4-7, with Docket No. 2-1 at 6-7.)

10 I.   Preliminary Injunction
11        "A plaintiff seeking a preliminary injunction must
12 establish that [s]he is likely to succeed on the merits, that he
13 is likely to suffer irreparable harm in the absence of
14 preliminary relief, that the balance of equities tips in h[er]
15 favor, and that an injunction is in the public interest." Winter
16 v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  The last
17 two factors "merge when the Government is the opposing party."
18 Nken v. Holder, 556 U.S. 418, 435 (2009).
19        Likelihood of success on the merits is "the most
20 important factor in determining whether a preliminary injunction
21 is warranted."  Garcia v. County of Alameda, 150 F. 4th 1224,
22 1230 (9th Cir. 2025) (internal citations and quotation marks
23 omitted).  "[P]laintiffs seeking a preliminary injunction face a
24 difficult task in proving that they are entitled to this
25 extraordinary remedy."  Earth Island Inst. v. Carlton, 626 F.3d
26 462, 469 (9th Cir. 2010) (internal quotation omitted).  A mere
27 possibility of success is insufficient to satisfy this factor;
28 instead, a petitioner must demonstrate "a strong likelihood of

2

1  success on the merits." Save Our Sonoran, Inc. v. Flowers, 408
2  F. 3d 1113, 1120 (9th Cir. 2005).
3          Petitioner argues that even if she raises only "serious
4  questions as to the merits" of her claims, the court can grant
5  relief if she makes a "stronger showing on the balance of
6  hardships." (Docket No. 10-1 at 3 (citing Alliance for the Wild
7  Rockies v. Cottrell, 632 F. 3d 1127, 1135 (9th Cir. 2011).)  This
8  is inconsistent with Winter.
9          In Winter, the Supreme Court set forth a four-part test
10 for determining when the grant of a preliminary injunction is
11 warranted. See 555 U.S. at 20.  Three years later, despite the
12 Supreme Court's admonition, the Ninth Circuit held that the
13 "serious questions" test survived Winter. See Cottrell, 632 F.
14 3d at 1131-32.  However, just last year, the Supreme Court went
15 back and held that, "absent a clear command from Congress, courts
16 must adhere to the traditional four-factor test" for granting a
17 preliminary injunction articulated in Winter. Starbucks Corp. v.
18 McKinney, 602 U.S. 339, 346 (2024).  Thus, although the Ninth
19 Circuit has not addressed the continued viability of the "serious
20 questions" test post-Starbucks, the Supreme Court's mandate is
21 clear:  because there is no "clear command from Congress" to the
22 contrary, the "serious questions" test may not be used. See id.
23         Moreover, even assuming that the so-called "serious
24 questions" test remains viable after Winter and Starbucks, it is
25 nevertheless inapplicable here, where petitioner is seeking a
26 mandatory injunction.  "A mandatory injunction orders a
27 responsible party to take action." Marlyn Nutraceuticals, Inc.
28 v. Mucos Pharma GmbH & Co., 571 F. 3d 873, 878-79 (9th Cir. 2009)

(internal citations and quotation marks omitted).  It is subject to a "doubly demanding" standard and requires the moving party to "establish that the law and facts clearly favor her position, not simply that she is likely to succeed."  Garcia v. Google, Inc., 796 F. 3d 733, 740 (9th Cir. 2015) (emphasis in original).  "In plain terms, mandatory injunctions should not issue in doubtful cases."  Id. (citation omitted).

Other judges in this circuit have found that the serious questions test is inapplicable when a petitioner seeks a mandatory injunction.  See, e.g., Cruz Uitz v. Noem, No. cv-25-06420 MWF (AJRX), 2025 WL 2995008 (C.D. Cal. Sept. 23, 2025) (declining to adopt the serious questions test in immigration detention context because a mandatory injunction was requested); Jamgotchian v. Ferraro, No. 822-cv-01893 FWS KES, 2023 WL 2396352, at *3 n.3 (C.D. Cal. Feb. 7, 2023) ("The Court observes that some district courts decline to apply the 'serious questions' test in cases seeking a mandatory injunction on the basis that it is inconsistent with the heightened standard applicable to such relief.") (collecting cases), rev'd on other grounds, 93 F. 4th 1150.

Here, petitioner asks the court to order her release from custody or that the government afford her a pre-deprivation bond hearing. (Docket No. 10-1 at 2.)  Ordering the government to either release petitioner or to provide her with a bond hearing that the government would not have otherwise provided constitutes a mandatory injunction.  See Hernandez v. Sessions, 872 F. 3d 976, 998-99 (9th Cir. 2017); Doe v. Becerra, 787 F. Supp 3d 1083, 1090 (E.D. Cal. 2025) (acknowledging uncertainty regarding

4

1   whether custody release and bond hearing requests in the
2   immigration detention context may constitute a mandatory
3   injunction); Salazar v. Kaiser, No. 1:25-cv-01017 JLT SAB, 2025
4   WL 2456232, at *8 (E.D. Cal. Aug. 26, 2025) (same).
5          Petitioner does not merely seek to "freeze[] the
6   positions of the parties," Heckler v. Lopez, 463 U.S. 1328, 1333
7   (1983); rather, petitioner asks the court to compel the
8   government to affirmatively alter the status quo by providing her
9   with additional procedural protections. Accordingly, the court
10  declines to apply the "serious questions" test and therefore
11  analyzes petitioner's motion pursuant to the test articulated in
12  Winter, 555 U.S. at 20.
13  II.  Procedural Due Process
14         This court has now dealt with several petitions like
15  this one, in which it held that noncitizens present in the United
16  States who were never legally admitted were presumably
17  "applicants for admission" under 8 U.S.C. § 1225(b) and thus
18  subject to mandatory detention.  See, e.g., Alonzo v. Noem, No.
19  1:25-cv-01519 WBS SCR, 2025 WL 3208284, at *4 (E.D. Cal. Nov. 17,
20  2025) ("The suggestion that petitioner may evade the designation
21  of 'applicant for admission' merely because he has already
22  entered the United States elides the fact that he was never
23  lawfully admitted."); Mo v. Chestnut, No. 1:25-cv-01789 WBS CSK,
24  2025 WL 3539063, at *2 (E.D. Cal. Dec. 10, 2025) (same); Valencia
25  v. Chestnut, No. 1:25-cv-01550 WBS JDP, 2025 WL 3205133, at *3
26  (E.D. Cal. Nov. 17, 2025) (same);  Xavier Oliveria v. Albarran,
27  et al., No. 1:25-cv-01760 WBS AC, 2025 WL 3525923 (E.D. Cal. Dec.
28  9, 2025) (same).

Petitioner presents neither facts nor arguments that distinguish her case from these prior decisions, including the decision this court made less than one month ago regarding her own circumstances, see Mo, 2025 WL 3539063, at *2. Accordingly, the court again concludes that "the procedure authorized by Congress" in 8 U.S.C. § 1225(b) constitutes procedural "due process" as far as petitioner is concerned. Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206, 212 (1953); see also Angov v. Lynch, 788 F.3d 893, 898 (9th Cir. 2015) (for noncitizen who "never technically 'entered' the United States," "procedural due process is simply whatever the procedure authorized by Congress happens to be." (citation modified)); Grigoryan v. Barr, 959 F.3d 1233, 1241 (9th Cir. 2020) (same). And because 8 U.S.C. § 1225(b) does not "say[] anything whatsoever about bond hearings," petitioner is not entitled to one. Jennings v. Rodriguez, 583 U.S. 281, 297 (2018).

Petitioner has not made any other arguments that might fall within the realm of a procedural due process claim. Thus, she has been afforded the applicable process and has therefore failed to demonstrate a likelihood of success on the merits of her claim that additional process is due.[2] That being the case, the court "need not consider the other [preliminary injunction] factors." California v. Azar, 911 F.3d 558, 575 (9th Cir. 2018).

Accordingly, for the reasons discussed above, and for

---

[2] The court notes that petitioner has not brought a substantive due process claim, see E.R.J.B. v. Wofford, No. 1:25-cv-01843 WBS SCR, 2025 WL 3683118, at *4 (E.D. Cal. Dec. 18, 2025) (analyzing substantive due process claim), or any other claim.

6

the reasons set forth in this court's prior order denying petitioner's motion for temporary restraining order (see Docket No. 5), petitioner's motion for preliminary injunction (Docket No. 10) is hereby DENIED.

Dated: January 6, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE