UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YANYUN MO (A-226-145-320), | No. 1:25-cv-1789 CSK |
| Petitioner, | |
| v. | ORDER |
| CHRISTOPHER CHESTNUT, Warden of the California City Detention Facility, et al., | |
| Respondents. | |

Petitioner Yanyun Mo (A-226-145-320), a non-citizen who entered the United States on October 15, 2024, has filed a verified first amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  Petitioner was initially detained by U.S. Immigration and Customs Enforcement ("ICE") inside the United States and released on or about December 19, 2024 on parole pursuant to 8 U.S.C. § 1182(d)(5).  On October 31, 2025, petitioner was re-detained during a routine ICE appointment and has been in continuous detention since this date.  This habeas action concerns petitioner's re-detention.  For the reasons that follow, the Court grants the petition for a writ of habeas corpus and orders petitioner's immediate release.

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636(c)(1) upon the consent of the parties to the jurisdiction of a United States Magistrate Judge.  (ECF No. 15.)

1

## I.   FACTUAL BACKGROUND[2]

On October 15, 2024, petitioner, a non-citizen, entered the United States without inspection and was detained by immigration officials.  (ECF No. 19 at 2, 24.)  Petitioner was given a credible fear interview.  (Id. at 2.)  On December 18, 2024, petitioner was issued a Notice Authorizing Parole pursuant to 8 U.S.C. § 1182(d)(5)(A)[3] for a period of one year (through December 18, 2025), and was released on December 19, 2024. (ECF No. 19 at 2; ECF No. 19-2 at 1 (12/18/2024 Parole, served on 12/19/2024); ECF No. 19-2 at 2 (12/18/2024 Interim Notice Authorizing Parole, served on 12/19/2024).)  Petitioner fully complied with the terms of her release.  (ECF No. 19 at 2.)

Petitioner was placed in standard removal proceedings pursuant to 8 U.S.C. § 1229a, charging petitioner with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) for entering without inspection and 8 U.S.C. § 1182(a)(7)(A)(i)(1).  (ECF No. 19 at 2, 24.)  Petitioner timely filed an asylum application within one year of entering the United States.  (Id. at 14.)

On October 31, 2025, petitioner was re-detained during a routine ICE appointment and has been in continuous detention since this date.  (Id.)  Petitioner was not provided with notice of revocation of her parole, the reason for revocation, or an opportunity to be heard and contest the revocation.  (Id. at 3, 20, 25-26.)  Respondents do not contest petitioner's factual allegations. (See ECF Nos. 11, 16, 20.)

## II.   PROCEDURAL BACKGROUND

On December 9, 2025, petitioner filed her petition for writ of habeas corpus and a motion for a temporary restraining order.  (ECF Nos. 1, 2.)  On December 10, 2025, the previously assigned judge denied the motion for a temporary restraining order.  (ECF No. 5.)  On December 23, 2025, petitioner filed an amended petition and a preliminary injunction motion.  (ECF Nos. 9, 10.)  On December 30, 2025, respondents timely filed a response to the amended petition and an

---

[2]  Petitioner filed a verified first amended habeas petition.  (ECF No. 19 at 31.)  A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit."  L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).  Respondents do not contest petitioner's factual allegations.  (See ECF Nos. 11, 16, 20.)

[3]  Section 212(d)(5)(A) of the Immigration and Nationality Act ("INA").

2

opposition to the motion.  (ECF No. 11.)  On January 6, 2026, the previously assigned judge denied the preliminary injunction motion.  (ECF No. 12.)  On February 9, 2026, the case was reassigned to the undersigned upon the consent of the parties.  (ECF No. 15.)  On February 12, 2026, respondents filed a motion to dismiss the amended petition, and on February 19, 2026, petitioner filed an opposition to the motion to dismiss.  (ECF Nos. 16, 17.)  In petitioner's opposition, petitioner raised a new argument—that she was granted parole on December 19, 2024, and that she was re-detained in October 2025 during her parole without notice of revocation of parole.  (ECF No. 17.)  Respondents did not file a reply.  (See Docket.)  Because petitioner raised a new argument in her opposition regarding parole based on facts not pled in the Amended Petition (see ECF No. 9), the Court permitted petitioner a final opportunity to amend her petition and provided respondents an opportunity to respond.  (ECF No. 18.)  On March 11, 2026, petitioner filed the First Amended Petition.  (ECF No. 19.)  Respondents filed a response based on the reasons set forth in respondents' prior filings, and petitioner filed her reply.  (ECF Nos. 20, 21.)  Briefing is now complete.

## III.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV.    DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community.  See Zadvydas, 533 U.S. at 690 (holding that

8 U.S.C. § 1231(a)(6) does not authorize indefinite detention).  Petitioner raises five claims challenging her continued detention based on the violation of the following: (1) the Fifth Amendment procedural due process clause; (2) the Fifth Amendment substantive due process clause; (3) the Administrative Procedure Act, 5 U.S.C. § 706; (4) the Immigration and Nationality Act; and (5)  8 C.F.R. § 212.5(e).  (ECF No. 19 at 25-29)

The First Amended Petition raises new claims not previously raised or considered, including petitioner's claim that based on her December 2024 parole, she was entitled to notification of revocation, reason for revocation, and opportunity to be heard and contest the revocation.  (ECF No. 19 at 2-3, 20, 25-26; ECF No. 19-1.)  Petitioner argues that the government's failure to provide notice of revocation of her parole, the reason for revocation, and opportunity to contest the revocation violated petitioner's due process rights and violated the government's own regulation at 8 C.F.R. § 212.5(e).  (ECF No. 19 at 20, 25-27, 29.)  Petitioner further argues that she is not subject to expedited removal pursuant to § 1225(b)(1) because she was paroled into the United States.  (ECF No. 19 at 31.)  Respondents do not contest petitioner's factual allegations and do not contest or respond to petitioner's new claims or arguments based on her December 2024 parole.  (See ECF No. 20.)  Instead, respondents re-submit their prior argument that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b) as an applicant for admission.  (See ECF No. 11 at 2; see ECF No. 20.)  Respondents also do not argue that petitioner is a flight risk or a danger to the community.  (See ECF Nos. 11, 16, 20.)

**A.**     **Prior Orders on Motions for TRO and Preliminary Injunction**

The Court first addresses the prior orders issued in this case denying Petitioner's motion for a temporary restraining order and motion for a preliminary injunction.  The December 10, 2025 order denying the motion for a temporary restraining order was limited to addressing what was, at the time, petitioner's sole claim challenging her detention as a violation of procedural due process.  12/10/2025 Order at 3.  The previous judge denied the motion for a temporary restraining order, concluding that petitioner "failed to demonstrate a likelihood of success on the merits of her claim that additional process is due." Id. at 4.  Based on the facts alleged on the motion for a temporary restraining order, the judge determined that petitioner was an "applicant

for admission" under 8 U.S.C. § 1225(b) and subject to mandatory detention, thereby satisfying procedural due process. Id. at 3-4. In the January 6, 2026 order denying the motion for a preliminary injunction, the previous judge found that petitioner raised no new facts or legal argument than what was presented in her motion for a temporary restraining order. 1/6/2026 Order at 1-2. The court denied the motion for a preliminary injunction on the same grounds as its order denying the motion for a temporary restraining order. Id. at 6-7.

The record currently before this Court in deciding the merits of the operative habeas petition (First Amended Petition) is substantively different than the record before the previous assigned judge on the motions for a temporary restraining order and preliminary injunction. The record currently before the Court include new factual allegations and new arguments not previously raised or considered in this case where the record now includes allegations regarding petitioner's December 2024 parole and release, which are corroborated by parole documents and which respondents do not contest, and now includes arguments and claims based on petitioner's December 2024 parole and prior release. As a result, this Court need not determine whether the law of the case doctrine applies because these issues were not presented or previously decided in this case on the motions for the temporary restraining order and preliminary injunction.

### B.    Parole Revocation (Claims One and Five)

Petitioner argues that due process was denied and the government violated its own regulations at 8 C.F.R. § 212.5(e) because she was not provided with notice of revocation of her parole, the reason for revocation, or an opportunity to contest the revocation. (ECF No. 19 at 25-26, 28.) Respondents do not respond to petitioner's claims or arguments related to her parole, and their argument does not demonstrate the government has satisfied the requirements of the Due Process Clause, "which of course constitute[s] the supreme law of the land[.]" Tot v. United States, 319 U.S. 463, 472 (1943) (Black, J., concurring).

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. "It is clear that commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Foucha v. Louisiana, 504 U.S. 71, 80 (1992). "[T]he Due Process Clause

5

applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas, 533 U.S. at 693. "The Due Process clause applies to noncitizens in this country in connection with removal proceedings, even if their presence is unlawful or temporary." Tinoco v. Noem, 2025 WL 3567862, at *5 (E.D. Cal. Dec. 14, 2025) (citing Zadvydas, 533 U.S. at 690).

Where courts have analyzed due process claims of petitioners whose parole was revoked without following the requirements provided by regulation, the Court first addresses petitioner's claim that the government violated its own regulations at 8 C.F.R. § 212.5(e) in revoking her parole. See Chavarria v. Chestnut, 2025 WL 3533606, at *3 (E.D. Cal. Dec. 9, 2025); Noori v. LaRose, 807 F. Supp. 3d 1146, 1156 (S.D. Cal. 2025) (revocation of parole without "without notifying [petitioner], providing him reasoning for the revocation, or giving him an opportunity to be heard, denying Petitioner of his due process rights"); Salazar v. Casey, 2025 WL 3063629, at *4 (S.D. Cal. Nov. 3, 2025) ("revocation of Petitioner's [8 U.S.C. § 1182(d)(5)(A)] parole without notification, reasoning, or an opportunity to be heard, denied Petitioner of her due process rights"); Graterol Ruiz v. Trump, 2026 WL 483182, at *8 (D. Vt. Feb. 20, 2026).

Pursuant to 8 U.S.C. § 1182(d)(5)(A), a noncitizen may be paroled into the United States "only on a case-by-case basis for urgent humanitarian reasons or significant public benefit." "Petitioner's release pursuant to § 1182(d)(5) necessarily required a determination that he posed neither "a security risk nor a risk of absconding." Chavarria v. Chestnut, 2025 WL 3533606, at *3 (E.D. Cal. Dec. 9, 2025) (quoting 8 C.F.R. § 212.5(b)). "Section 212.5(e) requires written notice of the termination of parole except where the immigrant has departed or when the specified period of parole has expired." Garcia v. Andrews, 2025 WL 2420068, at *6 (E.D. Cal. Aug. 21, 2025). It is undisputed that petitioner was re-detained on October 31, 2025 before her parole expired on December 18, 2025, and petitioner was not provided with written notice of the revocation of her parole. (See ECF No. 19 at 2-3, 29; ECF No. 19-1 at 2-3.) Respondents do not dispute petitioner's allegations or arguments regarding revocation of parole. (See ECF Nos. 20 (citing ECF Nos. 11, 16).) Therefore, written notice was required because the petitioner had not departed and parole had not yet expired. See 8 C.F.R. § 212.5(e)(2)(i). The Court concludes that

the government failed to follow its own regulations.

The Supreme Court has found that a protected liberty interest may arise from a conditional release from physical restraint. Young v. Harper, 520 U.S. 143, 147-49 (1997). Even when a statute allows the government to arrest and detain an individual, a protected liberty interest under the Due Process Clause may entitle the individual to procedural protections not found in the statute. See id. (finding due process requires pre-deprivation hearing before revocation of preparole); Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973) (same, in probation context); Morrissey v. Brewer, 408 U.S. 471, 482 (1972) (same, in parole context). To determine whether a specific conditional release rises to the level of a protected liberty interest, "[c]ourts have resolved the issue by comparing the specific conditional release in the case before them with the liberty interest in parole as characterized by Morrissey." Gonzalez-Fuentes v. Molina, 607 F.3d 864, 887 (1st Cir. 2010) (internal quotation marks and citation omitted).

In Morrissey, the Supreme Court explained that parole "enables [the parolee] to do a wide range of things open to persons" who have never been in custody or convicted of any crime, including to live at home, work, and "be with family and friends and to form the other enduring attachments of normal life." Morrissey, 408 U.S. at 482. "Though the [government] properly subjects [the parolee] to many restrictions not applicable to other citizens," such as monitoring, his "condition is very different from that of confinement in a prison." Id. "The parolee has relied on at least an implicit promise that parole will be revoked only if he fails to live up to the parole conditions." Id. The revocation of parole undoubtedly "inflicts a grievous loss on the parolee." Id. (quotations omitted). Therefore, a parolee possesses a protected interest in his "continued liberty." Id. at 481-84.

Here, petitioner was initially detained upon her arrival, then issued parole into the United States on December 18, 2024, and was released on December 19, 2024. This Court agrees with the many district courts that have concluded that noncitizens paroled into the United States have a liberty interest in their continued release. See Chavarria, 2025 WL 3533606, at *3 (listing cases); see also Castellon v. Kaiser, 2025 WL 2373425, at *5 (E.D. Cal. Aug. 14, 2025) (case-by-case analysis required as to the decision to revoke parole); Y-Z-H-L v Bostock, 2025 WL 1898025, at

7

*10-12 (D. Or. July 9, 2025).  This Court concludes that petitioner has a protected liberty interest in his release.  See Chavarria, 2025 WL 3533606, at *3; Castellon, 2025 WL 2373425, at *5; Guillermo M. R. v. Kaiser, 2025 WL 1983677, at *4 (N.D. Cal. July 17, 2025) (recognizing that "the liberty interest that arises upon release [from immigration detention] is inherent in the Due Process Clause"); Y-Z-H-L, 2025 WL 1898025, at *10-12; Ortega v. Kaiser, 2025 WL 1771438, at *3 (N.D. Cal. June 26, 2025) (collecting cases finding that noncitizens who have been released have a strong liberty interest); F.M.V. v. Wofford, 2025 WL 3083934, at *4-5 (E.D. Cal. Nov. 4, 2025).

Next, the Court turns to what procedures are necessary to ensure that the deprivation of that protected liberty interest meets the demands of the Constitution.  The Ninth Circuit has "regularly applied Mathews [v. Eldridge, 424 U.S. 319 (1976)], to due process challenges to removal proceedings."  Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022); see also Hernandez v. Sessions, 872 F.3d 976, 993 (9th Cir. 2017) (applying Mathews factors in immigration detention context).  In applying the Mathews test to a procedural due process claim challenging immigration detention, the Ninth Circuit explained that "Mathews remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context."  Rodriguez Diaz, 53 F. 4th at 1206-07 (citations omitted).  Under Mathews, the Court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation; and (3) the government's interest.  Mathews, 424 U.S. at 335.

First, petitioner has a clear interest in remaining free from detention.  "Freedom from imprisonment -- from government custody, detention, or other forms of physical restraint -- lies at the heart of the liberty that [the Due Process] Clause protects."  Zadvydas, 533 U.S. at 690 (citing Foucha, 504 U.S. at 80 ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause.")); Hernandez, 872 F.3d at 981 ("[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process.").  For over ten months, petitioner was free from custody before her re-detention.  Petitioner complied with release conditions and respondents do not contend that petitioner violated any release conditions.  (See ECF No. 19 at 2; see generally ECF Nos. 11, 16, 20.)

The second Mathews factor also weighs in petitioner's favor. "[T]he risk of erroneous deprivation is high when, as here, parole is revoked without written notice or reason." Chavarria, 2025 WL 3533606, at *3; see also A.E. v. Andrews, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025) ("The risk of an erroneous deprivation [of liberty] is high" when "[the petitioner] has not received any bond or custody redetermination hearing."). Again, civil immigration detention, which is "nonpunitive in purpose and effect[,]" is typically justified under the Due Process Clause only when a noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690; Padilla v. ICE, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023). Petitioner's December 2024 release pursuant to § 1182(d)(5)(A) required a determination by immigration officials that petitioner did not pose a security risk or a flight risk. 8 C.F.R. § 212.5(b); see Chavarria, 2025 WL 3533606, at *3. In addition, respondents do not contend that petitioner is or was a flight risk or a danger to the community. (See generally ECF Nos. 11, 16, 20.) Nor do respondents contend that petitioner has a criminal record. (See id.)

As to the third Mathews factor, this Court recognizes that the government has an interest in enforcing immigration laws, but respondents' interest in detaining petitioner without notice is "low." See Chavarria, 2025 WL 3533606, at *4; Salazar, 2025 WL 3063629, at *5; see also Ortega v. Bonnar, 415 F. Supp. 3d at 970; Doe v. Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. March 3, 2025). Even if respondents believed they had a proper reason to revoke parole and detain petitioner, such decision on their part would warrant written notice rather than automatic detention. See 8 C.F.R. § 212.5(e)(2)(i). "That the Government may believe it has a valid reason to detain petitioner does not eliminate its obligation to effectuate the detention in a manner that comports with due process." E.A. T.-B. v. Wamsley, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025). In addition, here, the government's interest is even lower because petitioner was previously released on parole, she lived in the country for over ten months on release, she has no criminal record, and she complied with all conditions of release, including reporting to ICE as required. See Pinchi, 2025 WL 1853763, at *2.

Overall, balancing these factors, this Court finds that the Mathews factors weigh in favor of finding petitioner is entitled to written notice of the revocation of her parole and a hearing to

determine flight risk and danger, and petitioner should have been provided such notice and a hearing before she was re-detained. "An essential principle of due process is that a deprivation of life, liberty, or property be preceded by notice and opportunity for hearing appropriate to the nature of the case." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985) (internal quotation marks and citation omitted) (emphasis added). In criminal cases, parolees released on parole, which does not provide "absolute liberty," but rather "conditional liberty properly dependent on observance of special parole restrictions," are also entitled to due process, including a predeprivation hearing before their parole can be revoked. Morrissey, 408 U.S. at 480-86. "Numerous district courts have held that these principles extend to the context of immigration detention." F.M.V., 2025 WL 3083934 at *6 (collecting cases). Respondents identify no reason why written notice was not provided as required by their own regulations or why a pre-deprivation hearing could not be held, and provided no evidence of "urgent concerns," thus, "a pre-deprivation hearing is required to satisfy due process." Guillermo M. R. v. Kaiser, 791 F. Supp. 3d at 1036. Accordingly, the Court finds that petitioner is also entitled to relief on her procedural due process claim challenging her re-detention based on the revocation of parole.

Other courts that have found that a petitioner's parole was revoked in violation of due process have ordered the petitioner be immediately released, enjoining and restraining respondents from re-detaining petitioner without written notice and a pre-detention hearing before a neutral decisionmaker where respondents bear the burden of establishing by clear and convincing evidence that petitioner poses a danger to the community or a risk of flight. See, e.g., Chavarria, 2025 WL 3533606, at *5; Salazar, 2025 WL 3063629, at *6; Graterol Ruiz, 2026 WL 483182, at *8 (granting petition where petitioner whose parole was revoked without adequate written notice "was not afforded the minimum due process as required by the statute and regulations," and ordering immediate release). This Court agrees and orders similar relief as outlined below.

### C.    Petitioner's Other Claim for Relief

In light of the Court's findings that petitioner is entitled to relief based on claims one and five, petitioner's remaining habeas corpus claims (claims two, three, and four) need not be

10

resolved.

**V.    RESPONDENTS' MOTION TO DISMISS**

For the reasons set forth above, respondents' motion to dismiss is denied.

**VI.    CONCLUSION**

In summary, the First Amended Petition for writ of habeas corpus is granted.

Accordingly, IT IS HEREBY ORDERED that:

1.  The First Amended Petition for writ of habeas corpus (ECF No. 19) is GRANTED.

2.  Respondents' motion to dismiss (ECF No. 16) is denied.

3.  Respondents are ordered to IMMEDIATELY release petitioner Yanyun Mo (A-226-145-320) and provide petitioner with a copy of this order at or near the time of release. If respondents have custody of petitioner's documents (e.g., identification, passport, work permit, Social Security card, etc.), respondents shall return those to petitioner at the time of release.

4.  Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that her physical custody is legally justified. Petitioner shall be allowed to have her counsel present at any such hearing. This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

5.  The Clerk of the Court is directed to serve California City Detention Facility with a copy of this Order.

6.  The Clerk of the Court is directed to enter judgment in favor of petitioner and close this case.

Dated:  April 6, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/mo.1789.25.order-merits

11